**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ALLANDA F. MONNIG,<br>    Appellant, | DOCKET NUMBER<br>DC-0752-21-0433-I-1 |
| v. | |
| DEPARTMENT OF DEFENSE,<br>    Agency. | DATE: April 8, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Kristen Farr</u>, Esquire, Washington, D.C., for the appellant.

<u>Zlatko Jurisic</u>, Esquire, Fort Belvoir, Virginia, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which sustained the appellant's removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement the initial decision regarding the appellant's disability discrimination and retaliation claims on review, we AFFIRM the initial decision.

## DISCUSSION OF ARGUMENTS ON REVIEW

In April 2021, the agency removed the appellant from her Human Resources Specialist (Injury Compensation) position based on the charge of medical inability to perform the essential duties of her position. Initial Appeal File (IAF), Tab 4 at 12, 40-46. In support of its action, the agency cited two letters from the appellant's treating physicians—one stating that the appellant was totally disabled and unable to work since October 15, 2020, due to Postural Orthostatic Tachycardic Syndrome, which the letter identified as a chronic condition without known cure, and another stating that the appellant was totally and permanently disabled due to other conditions as of October 15, 2020. *Id.* at 37, 39-40, 44. The agency also cited the fact that the appellant had not reported for duty since October 9, 2020, for medical reasons. *Id.* at 40.

In her appeal to the Board, the appellant argued, among other things, that her removal constituted disability discrimination and retaliation for both her reasonable accommodation request and an equal employment opportunity (EEO) complaint in which she also alleged disability discrimination. IAF, Tab 10 at 8-9, 39. The appellant further alleged that the disparate treatment she received due to her disability and the agency's failure to provide her a timely reasonable

accommodation aggravated her medical condition, and that the agency subjected her to a hostile work environment. *Id.* at 5, 9.

After holding the appellant's requested hearing, the administrative judge affirmed the appellant's removal, finding that the agency proved the charge by preponderant evidence, a nexus between its action and the efficiency of the service, and the reasonableness of its penalty. IAF, Tab 19, Initial Decision (ID) at 17-19, 25-26. In analyzing the charge, the administrative judge determined that the appellant's medical documentation and the testimony of witnesses— including that of the appellant herself—made clear that the appellant was unable to perform the duties of her position, and that the agency proved that the appellant's disability could not be reasonably accommodated. ID at 17-19. The administrative judge also found that, because the appellant failed to show that she could perform the essential functions of her position with a reasonable accommodation, she failed to show that she was a "qualified individual with a disability," as required to prevail under either the disparate treatment or failure to accommodate theories of her disability discrimination affirmative defense. ID at 22. Finally, the administrative judge rejected the appellant's affirmative defense of retaliation for either her EEO complaint or her reasonable accommodation request. ID at 23-24. As part of her analysis of the retaliation affirmative defense, the administrative judge determined that the appellant failed to establish the existence of a hostile work environment. *Id.*

On review, among other claims, the appellant repeats her arguments that her removal constituted disability discrimination and retaliation for her EEO activity, and that the agency's failure to provide her with a reasonable accommodation and creation of a hostile work environment exacerbated her medical condition. Petition for Review (PFR) File, Tab 1 at 7-15. The agency has filed a response. PFR File, Tab 3.

<u>The appellant failed to prove her disability discrimination affirmative defense.</u>

The Board adjudicates claims of disability discrimination raised in connection with an otherwise appealable action under the substantive standards of section 501 of the Rehabilitation Act. *Pridgen v. Office of Management & Budget*, 2022 MSPB 31, ¶ 35. The Rehabilitation Act has incorporated the standards of the Americans with Disabilities Act, as amended by the Americans with Disabilities Act Amendments Act of 2008. *Id.* Therefore, we apply those standards to determine if there has been a Rehabilitation Act violation. *Id.*

A "qualified individual" is an individual who, with or without reasonable accommodation, can perform the essential functions of her position. 42 U.S.C. § 12111(8). It is illegal for an employer to "discriminate against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). An employer is also required to provide reasonable accommodations to an otherwise qualified individual with a disability. 42 U.S.C. § 12112(b)(5). In *Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶ 29, we clarified that only an otherwise qualified individual with a disability is entitled to relief under the Rehabilitation Act for a claim of status-based discrimination or denial of reasonable accommodation.

The administrative judge correctly found that the appellant failed to make the threshold showing that she was a qualified individual with a disability. ID at 22. It is undisputed that the appellant could not perform her essential duties without a reasonable accommodation, and the administrative judge correctly found that the appellant failed to show that she could perform the essential functions of her position with a reasonable accommodation. *Id.* As the administrative judge discussed, the agency implemented maximum telework in March 2020, due to the COVID-19 pandemic, which allowed the appellant to work within the conditions she sought in her February 2020 reasonable accommodation request—full-time telework and the ability to control her environment. *Id.*; IAF, Tab 16, Hearing Recording (HR) (testimony of the

appellant, the appellant's supervisor, and the appellant's second-line supervisor). Nevertheless, by October 15, 2020, despite being allowed to work within her desired conditions for approximately 7 months, the appellant's medical condition deteriorated to the point of totality and permanence. IAF, Tab 4 at 37, 39. It is clear from the record—including from testimony offered by the appellant and her physician—that from that point, there was no reasonable accommodation that would have allowed her to perform the essential functions of her position. *Id.*; HR (testimony of the deciding official, the appellant's physician, and the appellant). For all of these reasons, we affirm the administrative judge's finding that the appellant failed to establish her disability discrimination affirmative defense.

The appellant failed to prove her retaliation affirmative defense.

In addressing the appellant's claim of retaliation for protected activity, namely her EEO complaint alleging disability discrimination and her reasonable accommodation request, the administrative judge, citing *Cloonan v. U.S. Postal Service*, 65 M.S.P.R. 1, 4 (1994), stated that the appellant was required to show the following: (a) she engaged in protected activity; (b) the accused official knew of the protected activity; (c) the adverse employment action under review could, under the circumstances, have been retaliation; and (d) there was a genuine nexus between the retaliation and the adverse employment action. ID at 23. The administrative judge also stated that, if the appellant met this burden, the agency must show that it would have taken the action even absent the protected activity. *Id.*

After the initial decision was issued, we held in *Pridgen* that the appropriate standard to apply to analyze an appellant's retaliation claim under the Rehabilitation Act, which prohibits discriminating against any individual "because such individual" has engaged in protected activity, 42 U.S.C. § 12203(a), is the "but-for" standard, meaning that an appellant has the burden of proving that her protected activity was "a but-for" cause of the agency's action.

*Pridgen*, 2022 MSPB 31, ¶ 46. In doing so, we overruled the Board's finding in *Southerland v. Department of Defense*, 119 M.S.P.R. 566, ¶¶ 23-25 (2013), that an agency can avoid liability by proving that it would have taken the same action absent an improper motive, because if prior protected activity is a "but-for" cause of retaliation, by definition, there is no other proper reason for that action. *Pridgen*, 2022 MSPB 31, ¶ 47. Both requesting a reasonable accommodation and opposing disability discrimination are activities protected by the Rehabilitation Act. *Id.*, ¶ 44.

Despite the administrative judge's citation of now-obsolete standards, the appellant has not established that the agency would not have removed her but for her protected activity. The administrative judge correctly found that the agency had a legitimate reason for not returning the appellant to her workplace and that the record was devoid of any evidence that any agency official was motivated to remove the appellant because of her protected activity. ID at 23. We therefore affirm the administrative judge's finding, as modified, to find that the appellant did not prove that her protected activity was a but-for cause of her removal.

The administrative judge also correctly found in her analysis of the appellant's retaliation affirmative defense that there was insufficient evidence to show that the appellant's working conditions rose to the level of a hostile work environment. ID at 24. Although the appellant repeats her version of the facts on review, PFR File, Tab 1 at 4-7, she fails to identify any error in the administrative judge's findings. To the extent that the appellant attempts to raise new hostile work environment claims on review, *id.* at 14-16, we find that any such claims are not properly before the Board because the appellant did not clearly raise an affirmative defense based on a hostile work environment in her prehearing submission, IAF, Tab 10 at 8-9, the administrative judge did not identify hostile work environment as an issue in the prehearing conference summary and order, IAF, Tab 12, and the appellant was given the opportunity to object to the summary but did not do so, *id.* at 9; *see Yovan v. Department of the Treasury*,

86 M.S.P.R. 264, ¶ 7 (2000) ("[A]n appellant is deemed to have abandoned a discrimination claim if it is not included in the list of issues in a prehearing conference summary, or status conference summary, and the party was afforded an opportunity to object to the conference summary.").

Finally, the appellant argues on review that the agency's failure to accommodate her disability prior to her becoming medically unable to perform her duties, along with her supervisor's discriminatory treatment, exacerbated her disability. PFR File, Tab 1 at 12, 15. However, as noted above, the agency granted the appellant's request for telework, which was the only reasonable accommodation she identified. In any event, because the appellant has not shown that she is a qualified disabled individual, she has not established that she is entitled to relief on her disability discrimination claim.

## NOTICE OF APPEAL RIGHTS[2]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    _____

*Gina K. Grippando*
Gina K. Grippando
Clerk of the Board

Washington, D.C.